[Cite as *State v. Hayes*, 2020-Ohio-3998.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| WILLIAM W. HAYES | : | Case No. 2019-CA-0105 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal form the Court of Common
Pleas, Case No. 2019-CR-0089


JUDGMENT:         Affirmed


DATE OF JUDGMENT:         August 5, 2020


APPEARANCES:

For Plaintiff-Appellee                                  For Defendant-Appellant

JOSEPH C. SNYDER                                  MATTHEW J. MALONE
38 South Park Street                                  10 East Main Street
Mansfield, OH 44902                                 Ashland, OH 44805

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant William W. Hayes appeals the October 21, 2019 judgment of conviction and sentence of the Richland County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 16, 2018 around midnight, Ontario Police Officer Jeremy Mohn and Sergeant Casey Bly arrived at an Ontario Wal-Mart in response to a shoplifting call. Hayes was identified as a suspect and detained. Officers found a crystalline substance on Hayes' person and a short time later, in his vehicle along with merchandise stolen from Wal-Mart. Hayes refused to tell the officers what the crystalline substance was. Following the discovery of the substance and merchandise in Hayes' vehicle, Hayes fled officers on foot.

{¶ 3} Officer Mohn caught up to Hayes and a struggle ensued. During the struggle Hayes attempted to take Mohn's firearm from its holster. Hayes was eventually cuffed, placed in a cruiser, and taken to jail.

{¶ 4} As a result of the events on April 16, 2018, Hayes was charged with misdemeanors in Ontario Mayor's Court case number 18-CRB-0136. The charges were one count each of obstructing official business, a misdemeanor of the second degree, resisting arrest, a misdemeanor of the second degree, and petty theft, a misdemeanor of the first degree. On April 26, 2018, Hayes entered no contest pleas to the charges, was found guilty and was sentenced to three days in jail.

{¶ 5}   On January 28, 2019, nine months after his plea and sentence in mayor's court, Hayes was indicted on felony charges in Richland County Common Pleas Court case number 2019-CR-0089. These new charges resulted from the same April 16, 2018 events. The charges were one count of aggravated robbery (for attempting to take Officer Mohn's gun), a felony of the first degree, and one count of aggravated possession of drugs, specifically methamphetamine, a felony of the third degree. A warrant for Hayes' arrest was issued. Hayes was arraigned on the charges on February 21, 2019 and entered pleas of not guilty.

{¶ 6}   On February 27, 2019, counsel for Hayes filed a motion for discovery. The state provided the same and requested reciprocal discovery on February 28, 2019.

{¶ 7}   On April 19, 2019, Hayes requested a continuance of trial which was scheduled for April 30, 2019. On April 29, 2019, Hayes waived his speedy trial rights.

{¶ 8}   Following several more continuances at Hayes' request, a bench trial was held on August 1, 2019. Before trial, Hayes entered a plea of guilty to aggravated possession of drugs. Following the bench trial, the trial court found Hayes guilty of aggravated robbery. Hayes was subsequently sentenced to four years for aggravated robbery and eleven months for aggravated possession of drugs. The trial court ordered Hayes to serve the sentences consecutively. At no point during the proceedings did Hayes raise a speedy trial challenge, nor was the record from the Ontario Mayor's Court before the court of common pleas.

{¶ 9}   Hayes timely filed an appeal and the matter is before this court for consideration. He raises one assignment of error as follows:

I

{¶ 10} "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITES STATES CONSTITUTION AS WELL AS ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, BY HIS TRIAL COUNSEL'S FAILURE TO FILE A MOTION TO DISMISS APPELLANT'S CHARGES BASED ON THE STATE'S FAILURE TO BRING APPELLANT TO TRIAL WITHIN THE SPEEDY TRIAL PROVISIONS CONTAINED IN R.C.2945.71."

{¶ 11} In his sole assignment of error, Hayes argues his trial counsel rendered ineffective assistance by failing to file a motion to dismiss as the state had failed to bring him to trial within the speedy trial provisions of R.C. 2945.71. For the reasons that follow, we find a direct appeal is not the appropriate vehicle to address Hayes' ineffective assistance of counsel argument, and we decline to address the same.

{¶ 12} On February 10, 2020, Hayes filed a motion to supplement the record on appeal to include certified copies of the record in Ontario Mayor's Court case number 18-CRB-00136. On March 3, 2020, we granted the motion. On April 9, 2020, the state filed a motion to reconsider which we denied on May 6, 2020, but noted "This is an interlocutory order which may be revised at the time of the merit review." Upon review of the record from the Ontario Mayor's Court, and the record of the Richland County Court of Common Pleas, we find the record of the Ontario Mayor's Court was never presented to the Richland County Court of Common Pleas. The record on appeal may be supplemented to include only those matters which were before the trial court, and thus constitute part of the proceedings. We therefore find our decision to permit Hayes to supplement the record was improperly granted. *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978),

*State v. Williams*, 73 Ohio St.3d 153, 1995-Ohio-275, 652 N.E.2d 721. Upon the state's motion for reconsideration, therefore, we deny Hayes' motion to supplement the record.

{¶ 13} That said, a petition for post-conviction relief, rather than a direct appeal, is the proper vehicle to raise an ineffective assistance of counsel claim premised on evidence outside the record. *State v. Madrigal*, 87 Ohio St.3d 378, 390-391, 2000-Ohio-448, 721 N.E.2d 52.

{¶ 14} Based on the record as it presently exists, we overrule appellant's sole assignment of error.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, J. concur.

EEW/rw